UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

THEODORE KEITH GRIFFIN )
)
Plaintiff / Petitioner ) Civil Action No.:
)
V. )
)
MARTIN COUNTY, a Political )
Subdivision, in an individual )
and official capacity, )
The Hon. WILLIAM D. SNYDER, of )
the Martin County Sheriff's Office, )
in an official and individual )
capacity, BRANDON GREIS, Deputy )
Sheriff, in an official and individual )
capacity, EDWARD LEO BROCHU, )
Deputy Sheriff, in an official and )
individual capacity, SGT. D. FOOTE, )
Deputy Sheriff, in an official and )
individual capacity, Det. CASTORO, )
Deputy Sheriff, in an official and )
individual capacity, JUSTIN LUNDSTEDT, )
Deputy Sheriff, in an official and )
individual capacity, KITRICK DOWNHAM, )
Deputy Sheriff, in an official and individual )
capacity, Det. ISMAEL HAU, Deputy )
Sheriff, in an official and )

FILED BY PCS D.C.

JUL 28 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

1

individual capacity, CHEREE L. TOLLEY, )
Deputy Sheriff, in an official and )
individual capacity, Lt. DANIEL )
CUNNINGHAM, in an official and )
individual capacity, )
)
)
et al, Defendant(s) / Respondent(s),

## PETITION FOR INJUNCTIVE / DECLARATORY RELIEF

NOW COMES the Plaintiff, Theodore Keith Griffin, in Forma Pauperis, Propria Personam, pursuant to U.S.C. 28 § 1332(i)(j), and in support thereof, avers inter alia, as follows:

### A. BACKGROUND

On Friday, JAN 13, 2023, at approx. 16:41 hours, deputies from the Office of the Sheriff, Martin County, were dispatched to the area of S.W. Kanner HWY / I-95 in reference to an internal (Be On The Lookout) BOLO in reference to a hired vehicle which was a 2013 silver 4 door Mits. Lancer, which was rented through a Turo Phone App. on JAN 1, 2023, picked up on JAN 4, 2023, and was supposed to be returned on JAN 5, 2023.

Upon arrival to the area, defendants Brandon Greis and Det. Castoro located a vehicle matching the description of the "BOLO", but failed

2

to radio dispatch and verify the tag, at S.W. Lost River Road / S.W. Kanner HWY exiting behind the Chevron gas station.

They proceeded to get behind the vehicle as it headed South on S.W. Kanner HWY towards I-95 in an unmarked and marked unit, they activated there lights to conduct a traffic stop.

## B. UNDISPUTED FACTS

As Mr. Griffin was entering the North bound ramp / I-95, he realized he was heading, was traveling in the wrong direction, so he exited the ramp to enter the South bound ramp / I-95, towards Miami.

Due to Mr. Griffin not stopping for .04 seconds of the traffic stop, and moving out the path of a emergency vehicle, with its lights activated, and traveling the posted speed limit, the defendants conduct a Precision Immobilization Technique "PIT" on the vehicle at the intersection of S.W. Kanner HWY / I-95 interchange, on an vehicle occupied by four unknown suspects, and a four-year old minor child.

Once they pitted the vehicle, it went off the roadway and struck a concrete curb and hit a palm tree, on the driver side door.

Mr. Griffin suffered a neck and back spinal cord injury, a broken wrist, and broken left arm in two places.

He was subsequently placed into a police vehicle until fire rescue arrived on scene, transported to Lawnwood Medical Center in Ft. Pierce, Florida, were he held for over a 100 hours, without a Gerstein Hearing.

He was then transported to the Martin County Jail on JAN 17, 2023, and booked under the wrong name of Campbell Logan, it must be born in mind, Mr. Griffin was knocked unconsceince, and is suffering from acute

3

amnesia.

It shall be noted, the Plaintiff in error, underwent emergency surgery to repair his broken left arm. The doctor to insert six screws and a plate, to repair his injuries, leaving him with a eight inch, twenty pin, "permanent scare, disabilities.

It shall also be noted, the occupants, Brooks, Holmes, Moxson and E. B., was all transported to the hospital with minor injuries.

It shall be noted, defendant Brandon Grebs made contact with dispatch, and they confirmed the vehicle was reported stolen on JAN 13, 2023 at 0930 hours by the owner, Casey Vazquez to the Port Saint Police Dep't, Mr. Griffon in error, was subsequently booked under the wrong name of Campbell Logan for five warrants out of the 5 agency, and four counts under F.S.S. §§§§ 316.1935(2), 843.02, 812.014(2c6), and 827.03(16).

It shall also be noted, the only description of the suspect in the "BOLO" was "He" and "Male". (Emphasis added).

C. EXCESSIVE FORCE

"The 4th Amendment provides the right to be "Free From the use of excessive force in the course of an investigatory stop or other seizure of the person." Kishger ex rel Estate of Kishger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004); see also U.S. Const, amend. IV.

4

To establish an excessive force claim, a plaintiff must first show that he was seized within the meaning of the 4th Amendment. See Vaughan v. Cox, 343 F.3d 1323, 1328 (11th Cir. 2003).

A 4th Amendment seizure occurs when "there is a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 597 (1989) (emphasis in original).

If that showing is made, the plaintiff must then establish that the force used to effect the seizure was unreasonable. See Brower, 489 U.S. at 599, 109 S.Ct. at 1382-83.

See plt. (Exh A), Probable Cause Affidavit, dated JAN 13, 2023, p. 3 of 4, the law was clearly established on JAN 13, 2023, in Florida, that the plaintiff in error, had the right to be free from the use of force, excessive, in the course of his arrest. West v. Atkins, 487 U.S. 42 (1988).

The facts are also undisputed, that the defendant's Brandon Greis, and Det. Castoro, were acting under color of state law when they responded to an internal (Be On The Lookout) BOLO in reference to an alleged stolen vehicle, a 2013 silver 4 door Mitsubishi Lancer.

So when they took the actions of using a "PIT" in .04-seconds of the traffic stop, see plt. (Exh B), Incident Details, BOLO, they subjected Mr. Griffin to the deprivation of his right to be free from the use of the excessive, the car

went of roadway and struck a concrete curb, and hit a palm tree on the driver side door, breaking his left arm in three places, neck and back spinal cord injuries, in violation of U.S Const. amend. IV.

See Breedlove v. Leone, 2013 U.S. Dist. LEXIS 56472, and the cases cited therein, plaintiff posed no threat of physical harm, nor did he commit a crime involving the infliction of serious physical harm, the officers merely observed him exiting a Chevron gas station.

WHEREFORE, the plaintiff, Theodore Keith Griffin, moves this Hon. Court to enjoin the defendants Martin County, the Hon. Sheriff William D. Snyder, Deputies Brandon Greis and Det. Castoro, from inter alia, abridging the privileges and immunities of the plaintiff secured by the Constitution and laws of the United States under the 4th, and 14th Amendments.
He also seeks Injunctive and Declaratory relief to find the defendants liable under for compensatory and punitive damages, in the amount of $10,000,000, 42 U.S.C. § 1983, and any other relief the court deem proper.

D. Article III Standing

See Beautiful Struggle for Freedom v. Balt. Police Deptt., 2 F. 4th 330, For purposes of a request for a preliminary injunction, upholding the Constitution promotes the public interest.

6

Where there is a likely constitutional violation, the irreparable harm preliminary injunction factor is satisfied.

The denial of a constitutional right is a cognizable injury and an irreparable for preliminary injunction. Pavek v. Simon, 467 F. Supp. 3d 718.

Issue 2, Using Or Planting Evidence In An Effort To Obtain A Conviction Violates The Constitution

See Hall v. Flournoy, 975 F. 3d 1269; 2020 U.S. App. LEXIS 29681; 28 Fla. L. Weekly Fed. C 1879, (citing e.g., Jones v. Cannon, 174 F. 3d 1271, 1289 (11th Cir. 1999); Napue v. Illinois, 360 U.S. 264 (1959); see also plt. Exhibits C, D, and E and A, (1) a reasonable person such as the defendants Brandon Greis and Edward Leo Brochu, would have known that planting evidence contravened "clearly established statutory or constitutional rights.

See (Exh A), p. 3 of 4, the affiant omit the search and seizure of a DL and credit card belonging to a company named Sea Gear Corporation on JAN 13, 2023.

See (Exh D); Field Case Report p. 4 of 6, dated JAN 15, 2023, it is now noted, while acting under color of state law, search Logan, and located a DL, see (Exh F), and (Exh G), a credit card, evidence omitted and received by defendant Edward Leo Brochu.

See now (Exh E), Field Case Report, dated JAN 17, 2023, the defendants omit Exhibits F and G, see also (Exh C), Use of Force, dated JAN 19, 2023, the search and seizure evidence is omit again. (emphasis supplied).

7

"(I)t is established that the use of false evidence, known to be such by representatives of the State, must fall under the 14th Amendment."

The plaintiff moves this Hon. Court to enjoin the defendants Martin County, the Hon. Sheriff, William D. Snyder, Deputy Sheriff's Brandon Greis and Edward Leo Brochu from violating the plaintiff's 14th Amendment rights, and to find the defendants liable under 42 U.S.C. § 1983, in an Injunctive/Declaratory relief for compensatory and punitive damages in the amount of $500,000.

Issue 3: Common Law False Imprisonment

The law was clearly established on JAN 13, 2023, that the plaintiff in error, had a constitutional right to a Gerstein Hearing.

When the defendants, Brandon Greis, Justin Lundstedt, and Kitrick Downham, acting under color of state law, detained the plaintiff at Lawnwood Medical Center for over 100 hours without a probable cause hearing, they violated his 4th Amendment rights to the determination of a netural detached officer.

The plaintiff seeks Injunctive/Declaratory Relief declaring the defendants violated the plaintiff's rights under the 4th Amendment, he also moves this Hon. Court to enjoin the defendants Martin County, the Hon. Sheriff, William D. Snyder, Deputy Sheriff's Brandon Greis, Justin Lundstedt, and Kitrick Downham, and find them liable for violating 42 U.S.C. § 1983, for compensatory damages in the amount of $150,000.

Issue 4. It Is Clearly Established That Officers Cannot Knowingly Make False Statements In A Warrant Application Where Those Misstatements Are Necessary To Probable Cause

Defendant Brandon Greis violated my clearly established rights by misstating there are 19 tenths in a mile, and omit, and omitted the driver license and credit card in the warrant application.

See plt. (Exh A), while acting under color of state, the affiant, officer Greis misstatements that he conducted the "PIT" due to the vehicle not stopping for approx. .19 tenths of mile, it must be born in mind, there are only 10 tenths in a mile, and omit, and omitted evidence about a. DL and credit card, see Exhibits C, D, and E, violated my clearly established rights under the 4th Amendment. See Goldring v. Henry, 2021 U.S. App. LEXIS 33621.

The plaintiff in error, moves this Hon. Court to enjoin the defendants Martin County, the Hon. Sheriff, William D. Snyder, and Brandon Greis, and enter its ORDER declaring the defendants violated Mr. Griffin's 4th Amendment rights, he also seeks Injunctive/Declaratory Relief for compensatory and punitive damages in the amount of $500,000. Mr. Griffin had the right to be free from seizures pursuant to legal process, he instituted criminal process against him with ... malice.

Issue 5. Tampering / Civil Conspiracy

See Turner v. Williams, 65 F. 4th 564; 2023 U.S. App. LEXIS 8330

9

; 29 Fla. L. Weekly Fed. C 2383; 2023 WL 2821728; (citing SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 764 F.3d 1327, 1339 (11th Cir. 2014) (internal quotations omitted) (quoting Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. 3d Dist. Ct. App. 1997), "(A)n actionable conspiracy requires an actionable underlying tort or wrong.

It has long been established that the lost of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.

The public as a whole has a significant interest in ensuring protection of 4th and 14th Amendments liberties.

See plt. (Exhibits A, C, D, and E); see also, e.g., State v. Jennings, 666 So. 2d 131 (Fla. 1995) (reviewing an arrest under Fla. Stat. § 918.13 for evidence tampering); Costanzo v. State, 152 So. 3d 737 (Fla. 4th Dist. Ct. App. 2014) (reviewing a conviction under the evidence tampering statute); E.I. v. State, 25 So. 3d 625 (Fla. 2d Dist. Ct. App. 2009) (reviewing an adjudication of delinquency under the same).

The 4th Amendment protects against unreasonable searches and seizures, and provides that "no warrants shall issue, but upon probable cause, supported by Oath or Affirmation." U.S. Const. amend. IV.

Plaintiff has been damaged as set forth above. See Fla. Stat. § 777.04(3), states: "A person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy." Fla. Stat. § 777.04(3).

So the law was clearly established on JAN 13, 2023 in Florida, that a reasonable person who planted and tampered with evidence, that it is a conspiracy for the defendants Brandon Greis and Edward Leo Brochu, to deprive Mr. Griffin of his 4th Amendment rights to be secure in his persons, houses, papers, and effects, against an unreasonable search and seizure.

See plt. Exhibits H and I, Vehicle Storage Receipt, and Vehicle Recovery Sheet, it was totaled, while the officers were acting under color of state law, an automobile is an effect within the provisions of the Amendment.

To cover-up the improper use of deadly force, and excessive force to effectuate his arrest, as well as the battery, in contravene of Fla. Stat. § 918.13 (1)(a)(b), a reasonable jury could find the defendants knowingly altered, removed, omit, omitted physical evidence to impair its verity, knowing it to be false.

See plt. (Exh J), Information E-Filed 02/03/2023, cannot pass muster under the 4th, and 14th Amendments.
"No State shall deprive a citizen of life, liberty, and property, without due process of law. See Germano v. Winnebago County, 403 F.3d 926, 927 (7th Cir. 2005).

Issue 6. Misstaken Identity

11

It hardly requires a citation of case law to posit that a plaintiff's detention — and particularly protracted detention — of a innocent person obviously seriously interferes with that person's liberty interest. See Sosa v. Martin Cty., 13 F.4th 1254

The Sheriff Dept. and deputies acting under color of state law, failed for six months, "to take action about the plaintiff's identity.

See U.S. v Baker, 432 F.3d 1189, freedom from imprisonment, from government custody, detention, or other forms of physical restraint lies at the heart of the liberty the Due Process Clause protects.

When the defendants, William D. Snyder, Brandon Greis, Sgt. D. Foote, Det. Castoro, Det. Ismael Hau, Cheree Tolley, and Lt. Daniel Cunningham, booked the plaintiff in error, under the identity of Campbell Logan, a man 6 feet, 4 inches tall, the plaintiff is 5'9", they seriously affected the fairness, intergrity, or public reputation of judicial proceeding. Id.

The plaintiff is suffering an acute case of amnesia from the vehicle collision, "in which he was knocked unconscience.

The plaintiff moves this Hon. court to enjoin the above listed defendants, and enter its ORDER declaring the defendants are liable under 42 U.S.C. § 1983, for violating plaintiff's 14th Amendment rights. He also seeks Injunctive/Declaratory Relief for compensatory and punitive damages for $10,000,000.

# Issue 7. Custom & Policy

See plt. (Exh 2) and (Exh 3), Standard Operation Procedure of the (MCSO), pages 14 & 15 of 19, # 8 (a), (d), # 1 & 5, & 2, the facts are undisputed that the defendants Brandon Greis and Det. Castoro used the "PIT" at the intersection of S.W. Kanner HWY / I-95 interchange.

The supervisors, defendants Sgt. D. Foote, Lt. Daniel Cunningham, and the Hon. Sheriff William D. Snyder, failed to properly train, and failed to supervise deputies Brandon Greis and Det. Castoro on the risk factors to consider prior to utilizing "PIT", the vehicle struck a concrete curb, and hit a palm tree on the driver side door, breaking plaintiff's left arm in three places, while a three year-old minor child was inside the vehicle, E.B., his mom, Ms. Brooks, Ms. Holmes and Mixson, all unknown suspects, were also inside the vehicle.

There are also electrical poles and traffic lights at the intersection of S.W. Kanner HWY / I-95 interchange, and their was pedestrains in area.

See also plt. (Exh K), VI Responsibilities, A, (1), a through F, p. 8 of 19, Brandon Greis failed to make contact with the Communications Unit and communicate the following information: see a through F, see (Exh L), Incident Details, "He" and "Male" does not fulfill his responsibilities, (emphasis supplied).
See (Exh M), Probable Cause Affidavit, dated JAN 13, 2023, it shall be noted, p. 4 of 4, after events, he made contact with dispatch. "Id.

See Lewis v. City of West Palm Beach, 561 F.3d 1288, Municipal policy or custom may include a failure to provide adequate training, the deficiency evidences a deliberate indifference to the rights of its inhabitants.

The defendants Martin County and the Hon. Sheriff William D. Snyder, and the supervisors knew the need to train and/or to supervise in a particular area, "and made a deliberate choice not to take any action.

The plaintiff moves the Honorable court to enjoin the above named defendants, and enter its ORDER granting the Injunctive/Declaratory Relief, and declare the defendants are liable under 42 U.S.C. § 1983 for compensatory and punitive damages in the amount of $500,000.

As a further proximate result of the negligence of the defendants and the resulting collision, plaintiff has suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, unwarranted shame, anxiety, humiliation, loss of sense of dignity, pride as a U.S. citizen, and severe and permanent emotional distress and damages, damage to reputation. The injuries are either permanent or continuing and plaintiff will suffer from the injuries in the future.

Respectfully submitted,

By: /s/ Theodore Keith Griffin
Theodore Keith Griffin
Plaintiff, Pro Se

14

800 S.E. Monterey Road
( Stuart, Fl. 34994 )
CFN# 002640

I swear/affirm the above attached statements are true and correct ___ on ___

Wit. 1.

Wit. 2.

| Plaintiff's Signature |  | CFN# 002640 |  | Plaintiff's Name (Printed) |
/s/

| Notary Signature |    | Notary Name (Printed)

15

Theodore Griffin
800 S.E. Monterey Road
Stuart, FL 34994
CFN# 002640

WEST PALM BCH FL 334
26 JUL 2023 PM 3 L

USMS INSPECTED
BY _____

Clerk's Office
U.S. District Court
Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach, FL 33401

33401-510159

**ATTENTION**
This Letter originated from the Martin County Jail. Inmate mail is not censored. The Sheriff cannot assume responsibility for its content.

**LEGAL MAIL**

**ATTENTION**
This Letter originated from the Martin County Jail. Inmate mail is not censored. The Sheriff cannot assume responsibility for its content.