UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14222-CIV-MIDDLEBROOKS/MAYNARD

THEODORE KEITH GRIFFIN,

    Plaintiff,

v.

MARTIN COUNTY, *et al.*,

    Defendants.

_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is referred to me for appropriate disposition of all pretrial matters. DE 3. Plaintiff, an inmate at the Martin County Jail, has filed a *pro se* Amended Complaint asserting claims in connection with an alleged incident involving his car and a police vehicle leading to Plaintiff's arrest on January 13, 2023. DE 14.

Two motions are presently pending. The first is Plaintiffs' Renewed Motion to Proceed in District Court without Prepaying Fees or Costs. DE 15. The second is Plaintiffs' Motion for Leave to Amend Complaint. DE 16. Upon review of this Court's filing system and the record in this case, I respectfully recommend that Plaintiffs' Complaint be **DISMISSED** under the applicable "three strikes rule" of the Prison Litigation Reform Act ("PLRA"). Based on this recommendation, I also recommend that Plaintiffs' two pending motions be **DENIED**.

A federal litigant who is unable to pay court fees may proceed *in forma pauperis*. That means the litigant may file a case without prepaying fees or paying certain expenses.

*See* 28 U.S.C. § 1915. However, Congress has placed a limit on this privilege for prisoners. The PLRA—with one exception not applicable here—bars a prisoner from proceeding *in forma pauperis* if he "has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id.* § 1915(g). This is known as the three strikes rule. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723, 207 L.Ed.2d 132 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the [PLRA] ... established what has become known as the three-strikes rule")).

The three strikes rule does not violate an inmate's First Amendment right of access to the courts, the doctrine of separation of judicial and legislative powers, the Fifth Amendment's right to due process of law, or an inmate's right to equal protection. *See Rivera v. Allin*, 144 F.3d 719, 727–28 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A litigant who is subject to the three strikes rule cannot pay the filing fee after initiating suit as a retroactive cure. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Here, a search of this Court's CM/ECF filing system reveals that Plaintiff is a repeat *pro se* litigant in both state and federal forums. This search further confirms that Plaintiff is subject to the PLRA's three strikes rule because he has, on at least three occasions while incarcerated or detained in any facility, brought an action in a United States court that was dismissed for failure to state a claim upon which relief may be granted. Specifically, Plaintiff has filed the following cases: (1) *Griffin v. State of Fla., et al.*, Case No. 12-60787-Civ-

Williams/White, DE 20, DE 26 (dismissing Plaintiff's civil rights complaint for failure to state a claim upon which relief may be granted); (2) *Griffin v. State of Fla. et al.*, Case No. 19-62704-Civ-Ruiz/Reid, DE 24 (dismissing Plaintiff's § 1983 complaint on shotgun pleading grounds and for failure to state a claim); and (3) *Griffin v. Fourth District Court of Appeal, et al.*, 23-14281-Civ-Altman, DE 3 (dismissing Plaintiff's civil rights complaint under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted).[1] It bears noting that Plaintiff has recently filed another case involving similar claims stemming from the same alleged January 13, 2023 incident at issue in this case against many of the same named Defendants. *See Griffin v. Martin County, Fla., et al.*, Case No. 23-14238-Civ-Cannon, DE 1 (complaint alleging excessive force against Martin County, Lawnwood Medical Center, and several law enforcement officers following a January 13, 2023 incident leading to Plaintiff's arrest). On October 20, 2023, Plaintiff's complaint in this other case was dismissed under the PLRA's three-strikes rule. *See id.* at DE 5.

---

[1] In addition to these three cases, the CM/ECF search reveals multiple other civil actions and habeas proceedings for "Griffin, Theodore K" and "Griffin, Theodore Keith." *See, e.g. Griffin v. State of Fla.*, Case No. 08-21892-Civ-King/White (§ 2254 habeas petition dismissed without prejudice for failure to exhaust state court remedies); *Griffin v. State of Fla.*, Case No. 12-21127-Civ-Seitz/White (denying motion for injunction for failure "to allege facts that state a claim for injunctive relief as the subject matter of the Motion concerns a search and seizure" and dismissing complaint for failure to file single amended complaint as required); *Griffin v. State of Fla.*, Case No. 12-22082-Civ-Moore/White (dismissing amended § 2254 habeas petition on grounds of abstention); *Griffin v. State of Fla.*, Case No. 12-62035-Civ-Zloch/White (§ 2254 habeas petition dismissed on grounds of abstention); *Griffin v. Michael D. Crews*, Case No. 13-23612-Civ-Moreno/White (§ 2254 habeas petition dismissed for failure to exhaust state court remedies); *Griffin v. Fla. Dept. of Corrections*, Case No. 15-21759-Civ-Dimitrouleaus (§ 2254 habeas petition denied on grounds of failure to exhaust and on the merits); *Griffin v. Fla. Dept. of Corrections*, *et al.*, Case No. 15-21759-Civ-Dimitrouleaus/White (§ 2254 habeas petition dismissed as successive and for lack of jurisdiction with note that, in November 2014, state appellate court "cautioned that further frivolous or abusive filings would result in sanctions"); *Griffin v. State of Fla.*, Case No. 20-21691-Civ-Cooke/Reid (construing § 1983 complaint as a § 2254 habeas petition and dismissing the petition as time-barred); *Griffin v. State of Fla.*, *et al.*, Case No. 19-60877-Smith (§ 1983 complaint dismissed without prejudice upon notice of voluntary dismissal); *Griffin v. McGuire, et al.*, Case No. 20-14303-Civ-Cannon/Maynard (civil rights complaint dismissed without prejudice for failure to prosecute); *Griffin v. Martin County, Fla., et al.*, Case No. 23-14238-Civ-Cannon (dismissing § 1983 complaint under three strikes provision of PLRA).

Plaintiff's filing of the above cases renders him ineligible to proceed *in forma pauperis* in any new civil actions or appeals, including this case, "unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). Construing Plaintiff's Amended Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff does not set forth any allegations of imminent danger, stating only that Martin County Sheriff's Office officers violated Plaintiff's rights under the "4th and 14th Amendment[s]" when arresting Plaintiff on January 13, 2023.  DE 14 at 3, DE 14-1. Plaintiff thus fails to trigger the imminent-danger exception.

Based on the foregoing, I respectfully **RECOMMEND** that:

1. Plaintiff's Amended Complaint, DE 14, be **DISMISSED WITHOUT PREJUDICE** under the three strikes rule;
2. Plaintiff's renewed Application to Proceed in District Court without Prepaying Fees or Costs, DE 15, be **DENIED**;
3. Plaintiff's Motion for Leave to Amend Complaint, DE 16, be **DENIED**; and
4. The Clerk of Court be directed to **CLOSE** this case.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and

Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida this 14th day of December, 2023.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copies to:**
Theodore Keith Griffin, *pro se*
002640
Martin County Jail
Inmate Mail/Parcels
800 SE Monterey Road
Stuart, FL 34994